UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CFSP 2024-AHP1 81-83 SEAMAN AVENUE LLC,

Plaintiff,

v.

81 SEAMAN REALTY LLC, JOEL WIENER, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100, the names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described,

Defendants.

25-CV-4113 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

This is a mortgage foreclosure action. Plaintiff CFSP 2024-AHP1 81-83 Seaman Avenue LLC ("CFSP") is the assignee of a note and mortgage granting it a security interest in, *inter alia*, property owned by Defendant 81 Seaman Realty LLC ("Seaman Realty"). Certain of these obligations were guaranteed by Defendant Joel Wiener. Seaman Realty defaulted on its obligations to CFSP under the note and mortgage. CFSP now seeks to foreclose on and take possession of that property and other collateral. Before the Court is CFSP's motion for summary judgment against Seaman Realty and Wiener, as well as its motion for default judgment against the New York City Environmental Control Board (the "ECB"), which CFSP alleges holds a junior interest in the property. For the following reasons, CFSP's motion for summary judgment is granted and its motion for default judgment is denied without prejudice to renewal.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this matter, and sets forth only that which is necessary to resolve the instant motions. On June 22, 2018, non-party New York Community Bank ("Original Lender") made a loan to Defendant Seaman Realty "in the original principal amount of $3,186,000.00." Dkt. 58 ("Defs. Rule 56.1") ¶ 4. Seaman Realty and Original Lender executed the Amended and Restated Mortgage Note dated June 22, 2018 (the "Note") to memorialize this transaction. *Id.* ¶ 5; *see* Dkt. 5, Ex. 2. Under the terms of the Note, Seaman Realty was obligated to make payments to Original Lender "on the first day of each month . . . from August 1, 2018, until July 1, 2028." Defs. Rule 56.1 ¶ 6.

Seaman Realty and Original Lender also executed the Consolidation, Modification and Extension Agreement (the "CMEA") and a Mortgage, Assignment of Leases and Rents, and Security Agreement (the "Mortgage"), which, in relevant part, "granted Original Lender a security interest" in both the "real property and improvements located at . . . 81/83 Seaman Avenue" (the "Property") in Manhattan and certain personal property located there. Defs. Rule 56.1 ¶¶ 7–8, 10; *see* Dkt. 5, Ex. 3 (the Mortgage); *id.*, Ex. 4 (describing the "Collateral").[1] The Property is a residential apartment building.

The security interests in this real and personal property were properly perfected through recordation and filing. Defs. Rule 56.1 ¶¶ 8, 11–12. Seaman Realty also executed a Collateral Assignment of Leases and Rentals, *see* Dkt. 5, Ex. 5 (the "ALR"), under which Original Lender would have rights in certain rental payments made to Seaman Realty. Defs. Rule 56.1 ¶ 13. Finally, Defendant Joel Wiener executed a Guaranty under which he personally guaranteed the

[1] In particular, the Mortgage conveys a security interest "in, *inter alia*, all furniture, furnishings, fixtures, goods, equipment, inventory or personal property located on, attached to or used at the Property, and all building materials and equipment situated at the Property, all warranties and guaranties relating thereto, and all additions thereto and substitutions and replacements therefor." Defs. Rule 56.1 ¶ 10.

payment of certain obligations. *Id.* ¶ 14. The parties refer to the Note, the CMEA, the Mortgage, the ALR, and the Guaranty collectively as the "Loan Documents." *See id.*

Original Lender's rights, as conferred by the Loan Documents, would then pass through the hands of several intermediary entities. The Court has previously determined that Plaintiff CFSP has standing to pursue this foreclosure action as an assignee of the Note. *See* Dkt. 38 ("Op.") at 5–6; *CFSP 2024-AHP1 81-83 Seaman Ave. LLC v. 81 Seaman Realty LLC*, 2025 WL 2606687, at *3 (S.D.N.Y. Sept. 9, 2025). Seaman Realty previously argued that there was a defect in the "Third Allonge" that purportedly transferred the Note to CFSP, and, in its responses to Plaintiff's Rule 56.1 statement, has maintained its objection to the Court's previous determination that CFSP was validly assigned the Note. *See* Defs. Rule 56.1 ¶¶ 17, 20, 23–24.

As the Court has previously observed, however, "there is no real dispute" between the parties "that Seaman Realty has defaulted by failing to make required payments." Op. at 6. Seaman Realty concedes that it failed to make the monthly payments required under the Note from February to May 2025, Defs. Rule 56.1 ¶ 31, and the Court has previously found that Seaman Realty "is in default of its obligations under the Loan and Loan Documents." Dkt. 45 ("Receiver Order") at 2. The Mortgage contains an acceleration clause providing that, upon an event of default, CFSP may declare the Secured Obligations, as defined in Section 1.3 of the Mortgage, to be "immediately due and payable." Defs. Rule 56.1 ¶ 42. These obligations include "all amounts due and owing or to come due under any of the Loan Documents," including the principal and interest due. *Id.* ¶ 41. CFSP notified Seaman Realty and Defendant Wiener that it had elected to exercise its rights under the acceleration clause by letter dated April 30, 2025. *Id.* ¶ 43.

On May 16, 2025, CFSP filed the instant action. *See* Dkt. 5 ("Compl."). It seeks to (1) foreclose on the Property, *see* Compl. ¶¶ 54–64; (2) take possession of the Property, *see id.* ¶¶ 65–

67; (3) exercise its contractual right to dispose of the personal property in which it has a security interest at a foreclosure sale of the Property (so-called "security interest foreclosure"), *see id.* ¶¶ 68–76; (4) appoint a receiver over the Property, *see id.* ¶¶ 77–84; and (5) determine the amount due under the Guaranty and obtain a judgment against Defendant Wiener in that amount, *see id.* ¶¶ 85–91.

CFSP further alleges that Defendant ECB is a "judgment creditor" of Seaman Realty, and holds a lien on the Property on account of a judgment against Seaman Realty. Compl. ¶ 10. CFSP alleges that this unpaid judgment is in the amount of $50.00, and that the ECB's lien is "subject and subordinate to" the lien in favor of CFSP created by the mortgage. *Id.*; *see id.*, Schedule A.

The Court previously granted CFSP's separate motion to appoint a receiver over the Property. *See* Receiver Order. CFSP now moves for summary judgment against Defendants Seaman Realty and Wiener on its claims of mortgage foreclosure, security interest foreclosure, and possession. Dkt. 49 ("Pl. Mot."); Dkt. 53 ("Pl. Br."). Defendants Seaman Realty and Wiener filed an opposition, Dkt. 57 ("Defs. Opp'n"), to which CFSP responded. Dkt. 60 ("Pl. Repl.").

CFSP also moves for default judgment against the ECB. The ECB was properly served through the New York City Corporation Counsel's office, located at 100 Church Street. Dkt. 14; *see* N.Y. C.P.L.R. § 311(a)(2); *358 & 360 Atl. Ave. Holdings, LLC v. 358 Atl. Realty LLC*, 2023 WL 2969297, at *5 (E.D.N.Y. Mar. 1, 2023) (finding service on the ECB proper through an identical procedure). It has not appeared in this action. CFSP obtained a certificate of default against the ECB on December 17, 2025. Dkt. 43. On June 17, 2026, a show-cause hearing was held as to why a default judgment should not be entered in favor of CFSP, at which the ECB did not appear.

## LEGAL STANDARD

Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit'" and genuinely in dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[2] In deciding whether a material dispute exists, courts must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). "Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit." *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012). "[E]vidence of the non-movant is to be believed," *id.* (quoting *Anderson*, 477 U.S. at 255), and the moving party bears the burden of showing that, despite that evidence against it, a reasonable jury would have to find in its favor. *See Anderson*, 477 U.S. at 256.

## DISCUSSION

### I. Summary Judgment

On the instant motions, CFSP moves for summary judgment against Seaman Realty, the borrower, and Wiener, the guarantor, on its "claims for mortgage foreclosure, security interest foreclosure, and possession." Pl. Br. at 6. Defendants do not appear to contest that CFSP has made out a prima facie case for each of these claims. Instead, they claim that CFSP cannot

[2] Unless otherwise noted, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

maintain this action because it is a foreign LLC that has not obtained a "certificate of authority" to do so pursuant to Section 808 of the New York Limited Liability Company Law. Defs. Opp'n at 9–11. Alternatively, in the event the Court grants CFSP's motion for summary judgment on these claims, Defendants also seek an evidentiary hearing to determine the amount owed to CFSP. *Id.* at 11–13. The Court considers each argument in turn.

**A. Mortgage Foreclosure—Count One**

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (summary order).[3] "Under New York law, a plaintiff in a foreclosure action establishes prima facie entitlement to summary judgment 'by producing evidence of the mortgage, the unpaid note, and the defendant's default.'" *CIT Bank, N.A. v. Donovan*, 856 F. App'x 335, 336 (2d Cir. 2021) (summary order) (quoting *Wells Fargo Bank, N.A. v. Walker*, 141 A.D.3d 986, 987 (3d Dep't 2016)). This prima facie entitlement creates "a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Freedom Mortg. Corp. v. Heirs*, 2020 WL 3639989, at *4 (S.D.N.Y. July 6, 2020).

CFSP has demonstrated its entitlement to summary judgment on its mortgage foreclosure claim. It has provided the Court with copies of the Loan Documents which demonstrate that Seaman Realty incurred a debt secured by a mortgage on the Property—facts that Defendants do not contest. *See* Defs. Rule 56.1 ¶¶ 4–8; Dkt. 5, Ex. 2 (the Note); Dkt. 5, Ex. 3 (the Mortgage); Dkt. 50 ("Barrett Decl.") ¶¶ 6–15. Defendants also do not contest that Seaman Realty "failed to make the Required Monthly Payments" due under the Note "from February 1, 2025 through and

[3] A mortgage foreclosure plaintiff must additionally establish that it has standing "by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Blue Castle (Cayman) Ltd. v. Miller*, 772 F. Supp. 3d 416, 423 (S.D.N.Y. 2025). As discussed, the Court previously held that CFSP has standing to bring this action as an assignee. *See* Op. at 5–6.

including May 1, 2025," and that its failure to do so would constitute an Event of Default under the Mortgage. Defs. Rule 56.1 ¶¶ 28–31; *see* Barrett Decl. ¶¶ 27–33. CFSP has further demonstrated that Seaman Realty has not cured its default within the ten-day period provided for by the Loan Documents. *See, e.g.*, Barrett Decl. ¶ 31(c)–(d) ("Borrower has not made any payments of any kind toward the Loan since January 15, 2025. As of January 15, 2025, the unpaid principal balance of the Loan was $2,879,786.63, and it has remained at that amount at all times thereafter."); Defs. Rule 56.1 ¶ 49. Seaman Realty's "nonpayment of loan obligations" thus establishes CFSP's "presumptive right to foreclose." *Wells Fargo Bank, Nat'l Ass'n v. 840 Westchester Ave. NMA, LLC*, 786 F. Supp. 3d 586, 596 (S.D.N.Y. 2025). CFSP has, accordingly, established its prima facie entitlement to summary judgment on this claim.

"The burden then shifts" to Defendants "to make any affirmative showing of a bona fide defense to the action, such as fraud, duress, unconscionable actions, or bad faith." *840 Westchester Ave. NMA*, 786 F. Supp. 3d at 596–97. Defendants neither dispute that CFSP has made out a prima facie entitlement to summary judgment on its mortgage foreclosure claim nor make any affirmative showing of a bona fide defense. Nor does the record "reveal bad faith, duress, or otherwise oppressive or unconscionable actions." *Id.* at 597. As Defendants "have not made any attempt to rebut" CFSP's "prima facie case," CFSP "has established that there is no genuine issue of material fact and it is entitled to judgment as a matter of law" on Count One. *Fed. Nat'l Mortg. Ass'n v. C.Y. Gold LLC*, 2026 WL 1196137, at *5 (E.D.N.Y. Mar. 2, 2026); *see also U.S. Bank Nat'l Ass'n v. Joeefi LLC*, 2025 WL 1019112, at *3 (S.D.N.Y. Apr. 4, 2025) (similar); *1st Bridge LLC v. William Lee Freeman Garden Apts. LLC*, 2011 WL 2020568, at *1 (S.D.N.Y. May 23, 2011) (similar).[4]

[4] Defendants raised a handful of affirmative defenses in their Answer, namely: (1) that the parties are not completely diverse, and thus that the Court has no subject-matter jurisdiction; (2) that the Court lacks personal jurisdiction over

**B. Security Interest Foreclosure—Count Three**

CFSP has also established its entitlement to foreclose on the Collateral pursuant to the New York Uniform Commercial Code. "To establish a prima facie entitlement to summary judgment on a claim to foreclose a security interest, a plaintiff must demonstrate the parties entered into a security agreement and that the defendant defaulted on its obligations." *Bank of Am., N.A. v. Ave. Imaging LLC*, 2023 WL 3818549, at *6 (S.D.N.Y. June 5, 2023). "Under New York law, 'a security interest is enforceable against the debtor and third parties with respect to collateral only if,' among other things, 'the debtor has authenticated a security agreement that provides a description of the collateral.'" *840 Westchester Ave. NMA*, 786 F. Supp. 3d at 597 (quoting N.Y. U.C.C. § 9-203(b)(3)(A)). "After default, a secured party . . . may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure." N.Y. U.C.C. § 9-601(a)(1).

Here, CFSP has established that Seaman Realty entered into a security agreement with Original Lender (of which CFSP is an assignee), contained within the Mortgage, conveying a security interest in the Collateral. *See* Dkt. 5, Ex. 3 (the Mortgage); Dkt. 5, Ex. 4 (describing the Collateral); Defs. Rule 56.1 ¶ 10 (same). It is also undisputed that the security interest in the Collateral was perfected. Defs. Rule 56.1 ¶¶ 11–12; *see* Barrett Decl., Ex. 5. Further, as discussed

---

Defendants due to improper service; (3) that CFSP lacks standing; and (4) that CFSP failed to provide "due and proper notice of any default." Dkt. 15 ("Answer") ¶¶ 94–104. The Court previously concluded that (1) there is complete diversity between the parties and (2) CFSP has standing to bring this action. Op. at 5–6. Defendants do not address their remaining defenses in their brief in opposition, and no record evidence appears to support these defenses. As CFSP notes, Defendant Seaman Realty and Defendant Wiener appear to have been properly served, and Defendants have raised no issue of fact regarding the propriety of service. *See* Dkt. 12; Dkt. 13. And CFSP has put forth undisputed evidence that it provided proper notice of default to both Defendants on April 17 and 18, 2025, and that Wiener explicitly acknowledged receipt of the notice of default on April 22, 2025. Barrett Decl. ¶ 33 & Ex. 16; Dkt. 52 ("Galati Decl.") ¶¶ 3–5. Accordingly, the Court finds that Defendants have "not met their burden of producing evidence of a question of fact regarding any defenses to foreclosure." *1st Bridge LLC*, 2011 WL 2020568, at *1.

above, Seaman Realty has defaulted on its obligations under the Mortgage by failing to timely make certain payments on the Note.

Because CFSP has "established its prima facie case that it is entitled to summary judgment on its foreclosure of security interest claim," and because Defendants "have not produced evidence raising a genuine issue of material fact about any defense," CFSP "has accordingly established its entitlement to judgment as a matter of law" on Count Three. *840 Westchester Ave. NMA*, 786 F. Supp. 3d at 597.

**C. Possession—Count Two**

Finally, CFSP seeks to enforce the sections of the Loan Documents granting it the right to take possession of the Collateral and the Property upon the occurrence of an Event of Default. For example, Section 13.1 of the Mortgage provides that CFSP may, upon an Event of Default, "exercise all rights[,] powers, and privileges of Borrower with respect to the Property," including "[t]aking possession, custody and control of the Property and using, managing and operating the Property." Mortgage § 13.1; *see id.* § 13.1(4)(a). Section 13.1(9) further provides that CFSP may "take possession of, and for these purposes use, any and all Personal Property which is a part of the Property and used by Borrower in the rental or leasing of all or any part of the Property." *Id.* § 13.1(9). And with respect to collateral in which CFSP has a security interest perfected under the U.C.C., the Mortgage contemplates that it may "exercise . . . all rights, remedies and powers provided for in this Mortgage, . . . including all the rights and remedies of a secured party under the applicable Uniform Commercial Code." *Id.* § 13.1(10). Those remedies include the right to "take possession of the collateral" "after default." N.Y. U.C.C. § 9-609; *see, e.g.*, *Bank of Am., N.A. v. Greuner Med. P.C.*, 2024 WL 182408, at *5 (S.D.N.Y. Jan. 17, 2024) ("Under New York law, when a borrower defaults on a security agreement, the secured party may foreclose on its

security interest and take possession of the collateral with or without judicial process and dispose of the collateral.").

Because an Event of Default has occurred, and the Court has granted CFSP summary judgment on its mortgage foreclosure and security interest foreclosure claims, it has the clear right to take possession of the Collateral and the Property. Accordingly, the Court grants CFSP summary judgment on Count Two.

**D. Section 808**

Defendants' only argument in opposition to CFSP's motion for summary judgment is that CFSP is barred from bringing this action by Section 808 of the New York Limited Liability Company Law, a so-called "closed door" statute. *See Intercity Logistics LLC v. Cargo World USA, Inc.*, 2025 WL 1043623, at *4 (E.D.N.Y. Apr. 8, 2025) (discussing Section 808). Section 808 provides, in relevant part:

> A foreign limited liability company doing business in this state without having received a certificate of authority to do business in this state may not maintain any action, suit or special proceeding in any court of this state unless and until such limited liability company shall have received a certificate of authority in this state.

N.Y. Ltd. Liab. Co. Law § 808(a). CFSP is a limited liability company organized under the laws of Delaware, rather than New York, so it is a "foreign limited liability company" for the purposes of Section 808. *See id.* § 102(k) (providing, among other conditions, that a "foreign limited liability company" is an "unincorporated organization formed under the laws of any jurisdiction . . . other than the laws of this state").

"New York courts have read these statutes literally, holding that the prohibition is on maintaining and not initiating an action, so that failure to obtain a certificate of authority to do business in New York before initiating the action is not a fatal jurisdictional defect." *DeWan v. Seideman*, 2017 WL 6048816, at *4 (S.D.N.Y. Dec. 5, 2017). The proper remedy for a violation

of Section 808 is, therefore, "for the court to stay the action until the unauthorized foreign limited liability corporation has obtained the necessary authorization." *Id.*; *see, e.g.*, *RDLF Fin. Servs., LLC v. Esquire Cap. Corp.*, 2012 WL 695488, at *6 (N.Y. Sup. Ct. Kings Cnty. Feb. 27, 2012) (similar); *Shell Consulting Grp. LLC v. Nims*, 2023 WL 7480942, at *4 (N.Y. Sup. Ct. Wash. Cnty. Nov. 6, 2023) (similar); *Mobilevision Med. Imaging Servs., LLC v. Sinai Diagnostic & Interventional Radiology, P.C.*, 66 A.D.3d 685, 686 (2d Dep't 2009) (noting that a plaintiff is "entitled to a reasonable opportunity to cure its noncompliance with" Section 808 "before dismissal of the proceeding should be considered").

The parties dispute whether CFSP "do[es] business in" New York such that it falls within Section 808's ambit. *See* Defs. Opp'n at 9–11; Pl. Repl. at 2–4. But the Court need not reach this question. After Defendants raised this argument in their opposition brief, CFSP applied for and received the necessary certificate of authority from the State of New York. Dkt. 59 ("Galati Repl. Decl.") ¶¶ 4–6; *see id.*, Exs. 1–2; Pl. Repl. at 5. Accordingly, the Court finds that any noncompliance with Section 808 by CFSP—even assuming it was subject to its terms—has since been cured. *See DeWan*, 2017 WL 6048816, at *4. Section 808 thus provides no defense to CFSP's motion for summary judgment.

**E. Damages**

Finally, Defendants argue that, if the Court grants summary judgment to CFSP, it should not grant its request to forgo a referral "to a referee to compute the amount due." Defs. Opp'n at 11; *see* Pl. Br. at 11–12. Defendants argue that the "facts of this case do not justify for[e]going an evidentiary hearing" because (1) "on at least one occasion," CFSP's servicer had previously "miscalculated the amount owed on the Note," and (2) because CFSP "is not an original party to

the contracts," the Court "should not refer to its testimony (or that of its 'Special Servicer') for the calculation of damages." Defs. Opp'n at 12–13.

In general, the Court must ensure that a plaintiff has met its burden of proving damages with "reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Under Section 1321 of the New York Real Property Actions and Proceedings Law ("RPAPL"), "after a court has granted summary judgment in favor of a plaintiff based on an undisputed showing of default on a mortgage, the trial court has the authority to compute the amount owed or appoint a referee to do the same." *Kairos Credit Strategies Operating P'ship, LP v. Friars Nat'l Ass'n, Inc.*, 2024 WL 3387319, at *3 (S.D.N.Y. June 10, 2024), *R. & R. adopted*, 2024 WL 3567681 (S.D.N.Y. July 29, 2024); *see* RPAPL § 1321. "Although requests for damages are usually established by the plaintiff in an evidentiary hearing, the court can make such a determination without a hearing when supported by sufficiently detailed affidavits and documentary evidence." *Windward Bora, LLC v. Brown*, 2022 WL 875100, at *4 (E.D.N.Y. Mar. 24, 2022); *see Fed. Nat'l Mortg. Ass'n v. 2120 Tiebout LLC*, 2025 WL 1503957, at *6 (S.D.N.Y. May 27, 2025) (noting that a district court may award damages in a mortgage foreclosure action "without holding an evidentiary hearing so long as there is a basis for the damages awarded"). In an action such as this, "[t]he amount owed should be determined based on the terms of the Notes and Mortgages" through reliance on "[d]etailed affidavits and other documentary evidence." *2120 Tiebout*, 2025 WL 1503957, at *6. Courts in this Circuit typically decline to hold an evidentiary hearing on the issue of damages in a mortgage foreclosure action where (1) the amount owed may be readily determined through affidavits and documentary evidence, and (2) "no defendant has moved for an evidentiary hearing" or otherwise "contest[s]" the calculation of the amount due. *Id.* at *8; *see Brown*, 2022 WL 875100, at *5–6 (computing damages without hearing where the

mortgagor-defendant defaulted); *CIT Bank, N.A. v. Schiffman*, 2022 WL 1085419, at *2–3 (E.D.N.Y. Feb. 16, 2022) (computing damages without a hearing where the mortgagor-defendant did not dispute the plaintiff's calculation).

Here, in addition to submitting the Note and Mortgage, CFSP relies on the declaration of Edward Barrett, a "Director of Special Servicing" for Berkeley Point Capital LLC d/b/a Newmark ("Newmark"), which is the "Special Servicer of the subject loan for Plaintiff." Barrett Decl. ¶ 2. Barrett offers a computation of the amount currently due to CFSP through an examination of the "books and records" in Newmark's possession relating to this transaction. *Id.* ¶ 3; *see id.* ¶¶ 51–56. He attests that the following amount is due to CFSP as of January 23, 2026:

**Schedule A**
**Amount Due Schedule**

| | |
|---|---|
| Outstanding Principal Balance | $2,879,786.63 |
| Interest at 7.125% from 1/1/25 through 4/28/25 | $67,255.02 |
| Default Interest at 20.00% from 4/29/25 through 1/23/26 | $431,967.99 |
| Late Charges ($1,035.50 [5% of $20,710.06] each month from February-April 2025) | $3,106.50 |
| Prepayment Premium (3% of Outstanding Principal Balance) | $86,393.60 |
| **SUBTOTAL** | **$3,468,509.74** |
| Less Debt Service Reserve | ($75,820.84) |
| **TOTAL AMOUNT DUE THROUGH 1/23/2026** | **$3,392,688.90** |

*Id.* ¶¶ 51–56 & Schedule A.

In their responses to Plaintiff's Rule 56.1 statement, Defendants deny many of Barrett's calculations, though they do not offer any evidence to rebut these calculations or explain the basis for their denial in their brief in opposition to CFSP's motion for summary judgment. *See* Defs. Rule 56.1 ¶¶ 51–56. Nevertheless, the Court finds that Defendants should be afforded the opportunity to further explain why they dispute Barrett's calculations, if they continue to maintain

these objections. Because Defendants appear to dispute the amount owed to CFSP, the Court will refer this matter to Magistrate Judge Aaron for a damages inquest to resolve the issue.

## II. Default Judgment

CFSP also seeks a default judgment against the ECB as a non-mortgagor and necessary party defendant.[5] Under the RPAPL, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" shall be named as a defendant in a mortgage foreclosure action. RPAPL § 1311(3); *see Windward Bora LLC v. Thomas*, 2022 WL 14731628, at *8 (E.D.N.Y. Sept. 30, 2022). "The rule that non-mortgagor defendants" with subordinate interests "be joined derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Courchevel 1850 LLC v. Rodriguez*, 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019). Where a non-mortgagor defendant has a subordinate lien against the subject property, it has a so-called "nominal interest" in that property. *See Gustavia Home, LLC v. Lawrence*, 2017 WL 4404434, at *3 (E.D.N.Y. June 22, 2017), *R. & R. adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017). "When a default judgment is entered against a non-mortgagor defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Id.*; *see Fed. Nat'l Mortg. Ass'n v. Active Mgmt. Props. LLC*, 2025 WL 3451875, at *9 (E.D.N.Y. Mar. 14, 2025) (noting that a plaintiff must include "every person having any [subordinate] lien" in a foreclosure action as such an action "will extinguish the rights of all parties with subordinate interests in the property").

[5] Courts in this Circuit have held that the ECB, as a New York City agency, "is not a suable entity." *Windward Bora LLC v. Thomas*, 2022 WL 14731628, at *4 (E.D.N.Y. Sept. 30, 2022); *see, e.g.*, *358 & 360 Atl. Ave. Holdings*, 2023 WL 2969297, at *5 (collecting cases). "Nevertheless, when claims are brought against non-suable [city] entities, the [C]ourt may construe them as brought against the City of New York," which is the proper defendant. *Thomas*, 2022 WL 14731628, at *4. The Court will do so here.

"Where a plaintiff is not seeking relief from non-mortgagor defendants, courts in this district have held that entry of default judgment pursuant to Rule 55 is appropriate where the complaint alleges 'nominal liability.'" *Active Mgmt. Props.*, 2025 WL 3451875, at *9. "Nominal liability is established on a Rule 55 motion when the complaint contains well-pleaded allegations that any judgments the non-mortgagor defendants may have against the mortgagor defendant—if asserted as liens on the mortgaged property—are subordinate to the plaintiff's mortgage lien." *Gustavia Home*, 2017 WL 4404434, at *4; *see, e.g.*, *OneWest Bank, N.A. v. Raghunath*, 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (same), *R. & R. adopted*, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). In general, under New York law, an earlier-recorded mortgage has priority over a later-recorded judgment lien. *See Active Mgmt. Props.*, 2025 WL 3451875, at *9 ("In New York, a mortgage is a specific lien on the land and is superior to the claims of subsequent judgment creditors.").

Where a "city agency" such as the ECB is named as a defendant, though, "heightened pleading requirements apply: the complaint must set forth '[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant.'" *Gustavia Home*, 2017 WL 4404434, at *4 (quoting RPAPL § 202-a(1)). "'If the lien exists by virtue of a judgment' the complaint must include 'the name of the court, date recorded, clerk's office in which filed, the names of the parties against whom and in whose favor such judgment was recovered and a brief description of the grounds for or the nature of such judgment.'" *Courchevel 1850*, 2019 WL 2233828, at *8 (quoting RPAPL § 202-a(2)).

CFSP has not met the heightened pleading requirement set forth in Section 202-a of the RPAPL. Its Complaint states that "ECB is the holder of a lien or liens on account of those judgments against [Seaman Realty], as described on Schedule A." Compl. ¶ 10. Schedule A

details one ECB judgment, dated February 28, 2025, with violation number 48566438R in the amount of $50.00. *Id.*, Schedule A. The Complaint adequately establishes that the ECB's judgment lien is junior to CFSP's mortgage lien, because the ECB's judgment was later in time: the mortgage lien was recorded on August 15, 2018, *id.* ¶ 18, and the ECB's $50.00 judgment was entered on February 28, 2025. *See id.*, Schedule A. The Complaint, however, is missing several of the "detailed facts" required by Section 202-a(2), such as "the name of the court," the "clerk's office in which" the judgment was "filed," the "names of the parties against whom and in whose favor such judgment was recovered," and "a brief description of the grounds for or the nature of such judgment." RPAPL § 202-a(2). As a result, the Court concludes that CFSP has not met the heightened pleading requirement of Section 202-a, a requirement for a default judgment to issue against the ECB. *Cf. Courchevel 1850*, 2019 WL 2233828, at *8 ("The violation number of the ECB violation, without any further allegations as to the nature of the interest or any documentation identifying the violation[,] is insufficient to meet the heightened pleading requirement.").

Accordingly, the Court will deny without prejudice CFSP's motion for a default judgment against the ECB. As a result, "[t]he ECB's interest in the Property will not be extinguished following a foreclosure and sale." *Courchevel 1850*, 2019 WL 2233828, at *8; *see Gustavia Home*, 2017 WL 4404434, at *4 ("[D]enying plaintiff's motion for default judgments against [the] ECB . . . will not defeat plaintiff's rights with respect to . . . the mortgagor defendant; rather, the failure to obtain default judgments against [the] ECB . . . simply leaves [its] rights unaffected by the judgment of foreclosure and sale.").

## III. John Doe Defendants

Finally, CFSP seeks to amend the case caption "to strike the 'JOHN DOE' defendants." Pl. Br. at 1. The Court interprets this request as a voluntary dismissal of the action as to those

defendants. In the Complaint, CFSP named as John Doe defendants "any and all tenants, occupants, persons, corporations or other entities, if any, having or claiming an interest in or lien upon the Property or any part thereof, which is subject to the lien of the Mortgage." Compl. ¶ 11. As the parties have not identified any other person or entity that has a lien upon the Property—which would be a necessary party defendant, *see Thomas*, 2022 WL 14731628, at *8—the claims against the Doe defendants are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, CFSP's motion for summary judgment against Defendants 81 Seaman Realty LLC and Joel Wiener as to Counts One, Two, and Three of the Complaint is granted, and its claims against the John Doe defendants are dismissed without prejudice. Its motion for default judgment against Defendant New York City Environmental Control Board is denied, also without prejudice. The Court will refer this matter to Magistrate Judge Aaron, by separate order, to determine the amount due to CFSP pursuant to this Court's grant of summary judgment.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 49 and amend the case caption to reflect the dismissal of the John Doe defendants.

SO ORDERED.

Dated: August 27, 2026
New York, New York

Ronnie Abrams
United States District Judge